# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ALVIN L. JONES, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 7:21CV00019 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUPERINTENDANT BOBBY RUSSELL, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

*Alvin L. Jones, Sr., Pro Se Plaintiff.*

The plaintiff, Alvin L. Jones, Sr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 in January of 2021. The defendants have responded with a Motion to Dismiss, ECF No. 28, arguing that the case fails to state a claim. The court notified Jones of defendants' motion on July 29, 2021, granting him twenty-one days to respond. The court's notice warned Jones that failure to respond to the motion within the allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP, 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012), *report and recommendation*

*adopted*, No. 3:11CV678-REP, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).  When considering dismissal for failure to prosecute, the court must take into account four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)).  While dismissal could be with prejudice if these factors weigh in defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice.  *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

In addition, Jones notified the court on August 2, 2021, that he had been released from jail.  Therefore, Jones is no longer subject to the provisions of the Prisoner Litigation Reform Act that allowed him to pay the $350 filing fee via installments withheld from his inmate trust account, as he had previously consented to do.  A court order entered on August 3, 2021, directed Jones to submit, within ten days from that date, the filing fee owed and the applicable administrative fee, a total

of $400, or to otherwise respond to the court. Jones was advised that a failure to comply within the time limits set out in the order would result in dismissal of this action without prejudice. Jones responded, stating that he wished to go forward with his claims in this case and could not prepay the costs, but he did not provide the necessary documentation to support an application to *proceed in forma pauperis*. The clerk's office forwarded an application form to Jones on August 16, 2021. More than ten days from that date have elapsed, but Jones has not returned a properly completed and executed application to proceed *in forma pauperis*.

The deadline the court set for Jones's response to defendants' motion passed on August 23, 2021. During that time period, Jones has not filed any responsive pleading addressing the defendants' arguments. Accordingly, the court finds that while Jones may be personally responsible for failing to comply with the court's order, despite being warned of impending dismissal without prejudice, there is otherwise no history of plaintiff's deliberately delaying the case or causing prejudice to defendants. Therefore, the court concludes that dismissal without prejudice is an appropriate sanction. Moreover, the time allotted for Jones to pay the filing costs or to complete and return a proper application to proceed *in forma pauperis* has passed, and he has failed to do so. For these reasons, I will dismiss the action without prejudice.

A separate final order will be entered herewith.

                                                DATED:   September 7, 2021

                                                /s/  JAMES P. JONES
                                                Senior United States District Judge